IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREL MCDONALD, et al., | No. C-09-1365 MMC |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART FDIC'S APPLICATION FOR STAY; DENYING PLAINTIFFS' REQUEST FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| RESIDENTIAL MORTGAGE CAPITAL, et al., | |
| Defendants. | |

Before the Court is defendant Federal Deposit Insurance Corporation's ("FDIC") Ex Parte Application for Stay of Mediation and All Other Proceedings Pending Exhaustion of Mandatory Administrative Claims Process, filed June 3, 2009,[1] by which the FDIC seeks a stay of the above-titled action pending plaintiffs' exhaustion of the administrative claims process provided by 12 U.S.C. § 1821(d). Plaintiffs have filed opposition, in which they do not dispute the FDIC is entitled to the relief sought, but request that any stay be "tailored" to prohibit the sale of plaintiffs' home during the pendency of such stay (see Opp'n at 3:10), or, alternatively, that the Court grant a temporary restraining order or preliminary injunction extending the hold on the sale of plaintiffs' home (see id. at 3:24-27), which hold is set to expire on September 11, 2009 (see Order filed May 14, 2009 (Docket Number 49)).

---

[1] Although titled an "Ex Parte Application," such document was filed electronically, and, consequently, all parties to the instant action have received notice thereof.

Having read and considered the papers filed in support of and in opposition to the FDIC's application, the Court rules as follows.

1. To the extent the FDIC seeks a stay of all proceedings, including mediation, as to the FDIC itself, the Court finds the FDIC has demonstrated good cause for such relief, and, consequently, the FDIC's application will be granted.

2. To the extent the FDIC seeks, as to any other defendant, a stay of mediation or a stay extending beyond the expiration of the 90-day stay ordered by the Court on May 14, 2009 (see Order filed May 14, 2009 (Docket Number 50)), the FDIC has failed to cite any authority suggesting such a stay is appropriate, and, consequently, the FDIC's application will be denied, without prejudice to the FDIC's filing a renewed motion seeking such relief.[2]

3. As plaintiffs admit the FDIC "has no interest in [p]laintiffs' home" (see Opp'n at 3:22), plaintiffs have failed to show the above-referenced stay as to the FDIC will affect the sale at issue, and, consequently, plaintiffs' request for a temporary restraining order or preliminary injunction will be denied.

**CONCLUSION**

For the reasons stated above:

1. To the extent the FDIC seeks a stay of all proceedings, including mediation, as to the FDIC itself, the FDIC's application is hereby GRANTED, and the above-titled action, as to the FDIC only, is hereby STAYED until the earlier of (a) ten days following the FDIC's issuance of its administrative ruling on plaintiffs' claim or (b) 180 days after plaintiffs submit their administrative claim to the FDIC.

2. To the extent the FDIC seeks, as to any other defendant, a stay of mediation or a stay extending beyond August 12, 2009, the FDIC's application is hereby DENIED, without prejudice to the FDIC's filing a renewed motion seeking such relief.

//

//

---

[2] Any such motion shall be noticed for hearing in accordance with the Civil Local Rules of this District.

3.  Plaintiffs' request for a temporary restraining order or preliminary injunction is hereby DENIED.

**IT IS SO ORDERED.**

Dated: June 12, 2009

_____
MAXINE M. CHESNEY
United States District Judge